## No. 4363.

### THE STATE OF LOUISIANA *v.* THE NEW ORLEANS GASLIGHT COMPANY.

Where the exception was that the suit is premature, because it is an effort to make the courts declare, in advance, that the defendant, after the year 1875, shall not be permitted to exercise the privileges of a corporation under an act extending its existence until 1895, and alleged to be unconstitutional; that its present exercise of privileges is not· alleged to be illegal; and that the suit, therefore, can not be maintained, if at all, until. the alleged date of the expiration of its present privileges in 1875;

Held—That said exception is well taken.

This court is not authorized to declare theoretically an act of a co-ordinate branch of the· government unconstitutional, when the act complained of is not only not alleged to be interfering with the exercise of any person's rights, but not even in operation.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble,.* J. *Simeon Belden,* Attorney General, for plaintiff and appellee. *Semmes & Mott* and *J. A. Campbell,* for defendant and appellant.

MORGAN, J. On the first of March, 1860, the General Assembly of Louisiana passed an act entitled " An Act to extend the area of gas

lighting in the city of New Orleans, and to reduce the price now paid by gas consumers."

. The first section of this act provides : " That the charter of the New Orleans Gas Light Company, as now established by law, shall remain in full force and effect until the first day of April, 1895 ; *Provided,*. that nothing in this act shall be construed so as to continue the exclusive privilege granted to said company, beyond the period fixed by its. present act of incorporation," etc.

This suit was instituted against the company by the Attorney General, under a resolution of the House of Representatives to declare the· act aforesaid, in so far as it extends the chartered privileges and charter of the company, beyond the term limited by the act of the General Assembly of the year 1845 (which provides that the charter of the company shall expire on the first day of April, 1875) unconstitutional, null and void. The ground upon which this demand rests is that the title of the act in question violates the one hundred and fifteenth article of the constitution then in force when the act was passed, which provided that every law shall express its object in its title. It is alleged that the object of the law approved on the first of March, 1860, is not expressed in its title.

The defendant excepts to the action upon the following grounds :

*First*—That the suit was instituted without authority of law ; that the Attorney General is not authorized to institute a suit of his own motion, and without legislative instruction, to have the courts declare an act of the Legislature unconstitutional, especially when the decree prayed for is merely a declaratory decree, without application to any specific act or alleged wrong done under the alleged unconstitutional act.

*Second*—That the suit is premature because it is an effort to make the courts declare, in advance, that the defendant after the year 1875 shall not be permitted to exercise the privileges of a corporation; that it is not alleged that its present exercise of privileges is illegal; and that the suit is therefore not maintainable, if at all, until the alleged date of the expiration of its privileges, to wit, the first of April, 1875; and

*Third*—That the petition discloses no cause of action whatever, nor a case of which the court has jurisdiction.

Conceding that the Attorney General has the right to institute a suit against a corporation to annul its charter, or to declare a law under which a corporation may be acting unconstitutional on his own motion; conceding that whereas by the constitution and laws of the State the Attorney General is obliged to give his professional services to either branch of the Legislature in matters concerning them, he can be called upon by one house, without the concurrence of the other, to institute proceedings to cause an act passed by both to be declared by the courts unconstitutional—upon neither of which propositions do we

find it necessary to express an opinion—still it is clear to our minds that this suit is premature.

This is not a suit to annul the charter of the gas company because of its having violated any of the rights, privileges or obligations conferred upon it by the act incorporating it. No one complains of the company, and it is not averred that it is exercising any right, that it claims any privilege, or that it interferes with any of the rights of others, in virtue of the act which we are asked to declare unconstitutional. When this happens it will be time enough for us to pass upon the question. Perhaps it may never happen.

The gas company may have ceased to exist before 1875, the date on which its charter, as alleged, expires; or if it exists, it may not desire to vend gas at that time. If this should happen, or if, from any cause, they should cease to supply the city and its citizens, and the State, the city, or any of its citizens, should endeavor to enforce what either of them might consider a contract between the company and the State, the constitutionality of the act of 1860 might possibly be invoked. Or if, in 1875, the company should continue its functions, and the State should attempt to prohibit it from doing so; or if, at that period, any citizen, or parties interested, should resist its pretensions, or should proceed against it for an infringement of his or their rights, and the company should set up the act in question in their defense, then the constitutionality of the law under which it will be acting, may be inquired into. All this will be time enough when the case arises, but no such case is now before us. We are called upon to declare, theoretically, that a law is unconstitutional, when no one is claiming to exercise any rights under it, and when no one is complaining that it is working them any injury.

It is our duty to declare an act of the General Assembly unconstitutional when the exigencies of the case require it, as delicate as the performance of this duty may be, but we do not think we should create the exigency. We have only to deal with the practical affairs of life; we have no warrant for expressing an opinion upon rights and duties which may or may not exist in the future. Much less do we feel ourselves authorized to declare an act of a co-ordinate branch of the government unconstitutional, when the act complained of is not only not alleged to be interfering with the exercise of any person's rights, but is not even in operation.

We think the exception to the prematurity of the action should have been maintained.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided, annulled and reversed; that the exception of the defendant as to the prematurity of the suit be maintained, and that the suit be dismissed. Plaintiffs to pay the costs.